COURT OF APPEALS OF VIRGINIA

Present:  Judge Overton, Senior Judges Hodges and Baker
Argued at Norfolk, Virginia


MELISSA HOFFLER
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0587-98-1      JUDGE NELSON T. OVERTON
                                        NOVEMBER 17, 1998
DANIEL HOFFLER

              FROM THE CIRCUIT COURT OF NORTHAMPTON COUNTY
                 Robert B. Cromwell, Jr., Judge Designate

              James A. Evans (Dinsmore, Evans & Bryant, on
              brief), for appellant.

              Moody E. Stallings, Jr. (Kevin E.
              Martingayle; Stallings & Richardson, P.C., on
              brief), for appellee.


     Melissa Hoffler (wife) appeals her final decree of divorce

from Daniel Hoffler (husband).  She contends the trial court

erroneously interpreted their pre-nuptial and separation

agreements to remove husband's obligation to pay wife a $100,000

property settlement.  Because we agree with wife, the trial

court's decree denying her that payment is reversed and remanded.

     Husband and wife signed a pre-nuptial agreement on April 21,

1992.  The agreement provided that in the event of divorce,

husband would pay wife a lump sum property settlement of

$100,000.  The parties were married on June 26, 1992 and had two

children during the marriage.  Husband filed for divorce alleging

adultery and separation on December 9, 1997.

---

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

After the separation, when both parties were represented by counsel, they began negotiating a separation agreement. That agreement was finally signed on December 30, 1997. It is the confluence of the pre-nuptial and the separation agreements that forms the basis of this appeal.

> The separation agreement states:
> [T]he Pre-nuptial agreement dated April 21, 1992 is a valid binding agreement of both parties and that the terms of said agreement are to remain in effect except as otherwise modified herein, said modifications being necessary due to additional circumstances of the children born of the parties and modified for no other reason . . . .

Many areas addressed by the pre-nuptial agreement were altered. One such alteration provided for wife's post-divorce residence. Under the separation agreement, "Husband will pay the costs of purchasing the Wife a new residence, up to $300,000 and he is to receive a copy of the sales contract and closing statement."

On January 23, 1998, the trial court conducted an ore tenus hearing to determine the intent of the parties regarding the two agreements. Wife and her former attorney, Mona Flax, argued that the $100,000 property settlement was separate from the $300,000 owed for a residence. However, Ms. Flax also testified that she and husband's attorneys had agreed the $300,000 was inclusive of the $100,000. Upon questioning from the trial judge, Ms. Flax admitted that she understood the $100,000 was part of, not in addition to, the $300,000. This intent is embodied nowhere in the terms of the contract.

- 2 -

Husband and his attorneys testified they intended the $300,000 to "bump up" the $100,000 from the pre-nuptial. The trial court ruled the agreements were unambiguous and that the settlement agreement's $300,000 "supplanted" the $100,000 provided for in the pre-nuptial agreement. The trial court issued its decree of divorce on February 13, 1998.

"In Virginia property settlement agreements are contracts subject to the same rules of formation, validity, and construction as other contracts." Smith v. Smith, 3 Va. App. 510, 513, 351 S.E.2d 593, 595 (1986). Because our examination of the agreements is a matter of law, we are not bound by the trial court's interpretation. See Tiffany v. Tiffany, 1 Va. App. 11, 15, 332 S.E.2d 796, 799 (1985) (citing Wilson v. Holyfield, 227 Va. 184, 187, 313 S.E.2d 396, 398 (1984)). "Where the agreement is plain and unambiguous in its terms, the rights of the parties are to be determined from the terms of the agreement and the court may not impose an obligation not found in the agreement itself." Jones v. Jones, 19 Va. App. 265, 268-69, 450 S.E.2d 762, 764 (1994). We may look only to the plain meaning of the agreements; disregarding any beliefs the parties or their lawyers may hold regarding their interpretation. An examination of the two contracts reveals they are unambiguous and, when read together, do not support the trial court's decree.

The pre-nuptial agreement unambiguously entitled wife to $100,000 as a lump sum property settlement. The settlement

agreement, which modified but did not replace the pre-nuptial agreement, failed to exterminate this property settlement provision. In a new paragraph, under the heading "Marital Residence," husband agreed to pay wife "up to $300,000" for a new home for herself and the children. These two, separate provisions were not connected to each other in any manner. There is no indication that the former was waived as the latter was created. Therefore, the only rational interpretation to be made is that husband has agreed to make both payments.

"No matter how inartfully the terms of the agreement may have been originally drawn, we cannot now make a new contract for the parties. We can only construe the terms as written." Smith v. Smith, 15 Va. App. 371, 376, 423 S.E.2d 851, 854 (1992) (citing Smith, 3 Va. App. at 516, 351 S.E.2d at 597). We construe the terms of these agreements to entitle wife to a lump sum property settlement payment of $100,000 and an additional amount up to $300,000 for the purchase of a home in accordance with the terms of the settlement agreement. The trial court's interpretation, to the extent it conflicts with ours, was error.

That portion of the parties' decree of divorce which addresses wife's lump sum property settlement is reversed and remanded to the trial court with instructions for modification not inconsistent with this opinion.

Reversed and remanded.